**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**GILBERT CAZARES,**

    **Plaintiff,**

vs.                               Case No. 4:23-CV-00252-WS-MAF

**UNITED STATES,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Gilbert Cazares, a prisoner[1] proceeding *pro se*, initiated this case on June 6, 2023, with a letter, liberally construed as an attempt to file a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). ECF No. 1. The case should be dismissed because Plaintiff failed to comply with the Court's orders.

**I. Procedural History**

Plaintiff filed a letter along with an incomplete motion to proceed *in forma pauperis* (IFP), on the form for the Middle District of Florida, without

---

[1] Plaintiff was a prisoner at the time he initiated this case but was to be released on July 26, 2023, to a halfway house and then to a home address. See ECF No. 10. According to the Bureau of Prisons (BOP), Plaintiff remains in BOP custody at RRM in San Antonio, TX, a residential reentry management office. The BOP inmate locator is available at the following URL: https://www.bop.gov/inmateloc/. Accessed 8/25/2023.

the requisite inmate account statements. ECF Nos. 1, 2. Accordingly, the Court denied the IFP motion. ECF Nos. 2, 4. Id. The Court reviewed Plaintiff's letter, found it legally insufficient as a complaint, and issued an order directing Plaintiff to file a complaint on the proper form and to refile a complete IFP application with the requisite inmate account statements or pay the $402 filing fee no later than **July 20, 2023**. ECF No. 4.

Plaintiff filed a statement entitled "Damage and Inquiry," which failed to comply with Court's order the Rules governing this proceeding. ECF No. 5. Therefore, the Court struck the pleading and again ordered Plaintiff to properly amend the complaint and file a complete IFP application or pay the fee by July 20, 2023. ECF No. 6. Plaintiff filed a second IFP motion, again without the requisite inmate account statements, and an amended complaint on the proper form. ECF Nos. 7, 8. The Court screened the complaint and found it legally insufficient because it was a shotgun pleading and likely failed to state a claim. ECF No. 9. The Court reminded Plaintiff there was still time remaining to comply with the Court's orders and redirected Plaintiff to amend the complaint and file a complete IFP application or pay the fee. Id.

Plaintiff filed a motion for an extension of time and a notice of change of address. ECF Nos. 10 and 11. According to Plaintiff, he expected to be released on July 26, 2023, to report to a federal halfway house and then to

a home address. ECF No. 10. The Court granted the motion giving Plaintiff until **August 24, 2023**, to comply. ECF No. 12. The Court warned Plaintiff that failure to comply with court orders would result in a recommendation to dismiss this action. ECF Nos. 4, 6, 9, 12. To date, there is no amended complaint, or complete IFP application, or a paid fee. Dismissal is proper.

## II. Dismissal for Failure to Comply with Court Orders

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). Without a proper IFP motion or payment of the filing fee this case cannot proceed. Plaintiff simply did not comply.

## III. Conclusion and Recommendation

It is respectfully **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to prosecute and failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1 and for want of prosecution. See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). It is further recommended that the case be **CLOSED**.

**IN CHAMBERS** at Tallahassee, Florida, on August 28, 2023.

s/ Martin A. Fitzpatrick
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).

Case No. 4:23-cv-00252-WS-MAF